MELINDA M. MORTON, SBN 209373
mindy.morton@procopio.com
JACOB K. POORMAN, SBN 262261
jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
1117 California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9000
Facsimile: 619.235.0398

Attorneys for Defendant
RUF US, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RECYCLING SPECIALISTS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RUF US, INC. dba RUF BRIQUETTING SYSTEMS, an Ohio corporation; DOES 1-100 inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF MELINDA M. MORTON IN SUPPORT OF DEFENDANT RUF US, INC.'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT**<br><br>[Removed from Santa Clara County Superior Court, Case No. 18CV328097] |

I, Melinda M. Morton, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a partner with the law firm of Procopio, Cory, Hargreaves & Savitch LLP, counsel for Defendant RUF US, Inc. in the above-captioned action. The following statements are based on my own personal knowledge, with the exception of those matters stated on information and belief, and if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of the civil case cover sheet, summons, and the complaint filed in the action *Recycling Specialists, Inc. v. RUF US, Inc dba RUF BRIQUETTING SYSTEMS; Does 1 through 100, inclusive*, Case No. 18CV328097 filed May 10, 2018, in the Superior Court in the State of California for the County of Santa Clara.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on this 14th day of June, 2018 at Palo Alto, California.

/s/ *Melinda M. Morton*
Melinda M. Morton

# EXHIBIT 1

## TO DECLARATION OF MELINDA M. MORTON IN SUPPORT OF DEFENDANT RUF US, INC.'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
William L. Bretschneider
Edward A. Kraus
Silicon Valley Law Group
One North Market Street, Suite 200
San Jose, CA 95113
TELEPHONE NO.: (408) 573-5700 FAX NO.: 408-573-5701
ATTORNEY FOR *(Name)*: Recycling Specialists, Inc.

FOR COURT USE ONLY

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 5/10/2018 3:26 PM Reviewed By: E. Fang Case #18CV328097 Envelope: 1506632**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

CASE NAME: Recycling Specialist, Inc. v. Ruf US, Inc., et al

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] **Counter** [ ] **Joinder**
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 18CV328097
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 10, 2018
William L. Bretschneider
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

SUM-100

## SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
5/10/2018 3:26 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV328097
Reviewed By: E. Fang
Envelope: 1506632

**NOTICE TO DEFENDANT:** RUF US, INC. dba RUF BRIQUETTING
***(AVISO AL DEMANDADO):*** SYSTEMS; Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** RECYCLING SPECIALISTS,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** INC.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court
191 N. First Street

San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 18CV328097

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edward A. Kraus SBN 162043 (408) 573-5700 408-573-5701
Silicon Valley Law Group
One North Market Street
San Jose, CA 95113

DATE: 5/10/2018 3:26 PM *(Fecha)* Clerk of Court
Clerk, by *(Secretario)* E. Fang, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: RUF US, Inc. dba RUF Briquetting Systems

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

E-FILED
5/10/2018 3:26 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
18CV328097
Reviewed By: E. Fang

Edward A. Kraus, Esq. (SBN 162043)
William L. Bretschneider. Esq. (SBN 144561)
SILICON VALLEY LAW GROUP
One North Market Street, Suite 200
San Jose, CA 95113
Tel: 408-573-5700
Fax: 408-573-5701
ekraus@svlg.com
wlb@svlg.com

Attorneys for Plaintiff
RECYCLING SPECIALISTS, INC.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

RECYCLING SPECIALISTS, INC.

Plaintiff,

v.

RUF US, INC. dba RUF BRIQUETTING SYSTEMS; DOES 1 through 100, inclusive

Defendants,

Case No.: 18CV328097

**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT; BREACH OF IMPLIED WARRANTIES OF FITNESS AND MERCHANTABILITY; NEGLIGENT MISREPRESENTATION; FRAUD; AND UNFAIR COMPETITION (CAL. B&P §17200 *et seq.*)**

Plaintiff, RECYCLING SPECIALISTS, INC. ("RSI"), a California corporation, alleges as follows:

## PRELIMINARY ALLEGATIONS

1. RSI is a California corporation duly organized and in good standing, with its principal place of business in Santa Clara County, California.

2. RSI is informed and believes, and thereon alleges, that Defendant, RUF US, INC. ("RUF"), is an Ohio corporation doing business as Ruf Briquetting Systems. RSI is further informed and believes, and thereon alleges, that Defendant RUF is in the business of manufacturing and selling industrial briquetting systems used to recycle and reclaim scrap metal, and has made substantial sales of its products, including the products at issue, within the State of California.

3. RSI is informed and believes, and thereon alleges, that Defendants DOES 1 through 100 are business entities of a form unknown to RSI, duly authorized to do business, and doing business, within the State of California.

4. RSI is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. RSI will amend the Complaint to allege their true names and capacities when ascertained. RSI is informed and believes, and thereon alleges, that each of said fictitiously named defendants is in some manner responsible for the occurrences herein alleged, and that RSI's damages as herein alleged were proximately caused by said defendants. Whenever reference is made to Defendant RUF, such reference shall include all defendants, including DOES 1 through 100.

5. RSI is informed and believes, and thereon alleges, that at all times mentioned herein, each of said defendants was the agent and/or employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency and/or employment, and that each defendant ratified and approved the acts alleged to have been done by each of the remaining defendants.

6. As described more fully below, on or about April 3, 2017, RSI entered into written contracts with Defendant RUF (the "Contracts"), to purchase a briquetting machine (the "Briquetter") and a floor-mounted chip hopper (the "Hopper") (the Briquetter and the Hopper are collectively referred to herein as the "Briquetting System"), both of which were manufactured and sold by Defendant RUF. True and correct copies of the Contracts are attached hereto as Exhibits A and B.

7. As an inducement for RSI to enter into the contracts to purchase the Briquetting System, Defendant RUF represented to RSI that, among other things, Defendant RUF could configure and customize the Briquetting System in RSI's business, based on RSI's user-specific needs, such that RSI's use of the Briquetting System would increase the value of RSI's residual metals and recover the expensive cutting fluids used by RSI to cut scrap metal. RUF further represented that use of the Briquetting System could pay for itself in 18 months or less.

8. As further inducement for RSI to enter into the Contracts to purchase the

Briquetting System, Defendant RUF represented to RSI that the residual moisture content of the briquettes produced by the Briquetting System would be between two and three percent, which would have a positive impact on RSI's overall profitability resulting from its use of the Briquetting System. A key reason for RSI' purchase of the Briquetting System was the representation that the briquette's residual moisture content would be between be between two and three percent. This is the required moisture content to sell the resulting briquettes at a higher price.

9. After RSI entered into the Contracts, Defendant RUF installed the Briquetting System at RSI's business located in San Jose, California.

10. Contrary to Defendant RUF's representations to RSI that the Briquetting System would yield briquettes with residual moisture content between two and three percent, the actual residual moisture content of the briquettes produced from the Briquetting System installed by Defendant RUF has been much higher than three percent. Despite RSI's repeated requests to Defendant RUF for support, Defendant RUF has been unable to configure the Briquetting System to meet the stated moisture content of two to three percent.

11. In addition to yielding briquettes with unsatisfactory residual moisture content, the Briquetting System has broken down on multiple occasions since being installed by Defendant RUF. In response to RSI's complaints and requests for assistance, Defendant RUF has attempted to repair the Briquetting System, and has also simply instructed RSI to make repairs to the Briquetting System itself. None of these efforts have resulted in a permanent and satisfactory repair of the Briquetting System.

## JURISDICTION AND VENUE

12. The damages alleged by RSI herein arise from the herein-described breach of the Contracts and the implied warranties of merchantability and fitness for use by Defendant RUF, Defendant RUF's misrepresentations to RSI about the capabilities of the Briquetting System and Defendant RUF's unfair competition in violation of the California Business and Professions Code Section 17200 et. seq. The damages sustained by RSI exceed the minimum jurisdictional amounts of this Court.

13. The Briquetting System, which is the subject matter of this action, was installed by Defendant RUF at RSI's principal place of business in San Jose, California in the County of Santa Clara and it remains located in San Jose, California in the County of Santa Clara. The Contracts that are the subject of this action were entered into in San Jose, California in the County of Santa Clara. Thus, venue is proper in the California Superior Court, County of Santa Clara.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

(Against RUF and DOES 1 through 100)

14. RSI hereby realleges and incorporates by reference paragraphs 1 through 13 above as if fully set forth herein.

15. As alleged above, Defendant RUF has materially breached the Contracts in that RSI did not receive it's bargained for exchange of consideration. Specifically, the Briquetting System has broken down on multiple occasions, and despite multiple requests from RSI, and resulting attempts by Defendant RUF to repair the Briquetting System, the Briquetting System has never operated as intended and it has never yielded briquettes from RSI's scrap metal with an acceptable residual moisture content of between two and three percent, or less.

16. RSI has performed all of its obligations under the Contracts save and except those obligations that have been prevented or excused by Defendant RUF's breaches.

17. As a result of the breaches of the Contracts by Defendant RUF and Does 1 through 100, as set forth above, RSI has sustained and will continue to sustain damages in an amount to be proven at trial.

WHEREFORE, RSI prays for judgment against Defendant RUF and DOES 1 through 100 as set forth below.

///

**SECOND CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR USE**

(Against RUF and DOES 1 through 100)

18. RSI hereby realleges and incorporates by reference paragraphs 1 through 17 above as if fully set forth herein.

19. As alleged above, Defendant RUF entered into the Contracts, or otherwise agreed to provide the Briquetting System to RSI.

20. Defendant RUF impliedly warranted that the Briquetting System would be of merchantable quality and reasonably fit for its intended purpose, and that the Briquetting System would yield briquettes made from scrap metal with a residual moisture content of between two and three percent.

21. RSI was in privity with Defendant RUF as alleged above.

22. Defendant RUF has breached the above-referenced warranties in that the Briquetting System was not of merchantable quality or fit for its intended purpose, and despite multiple request from RSI, and resulting attempts by Defendant RUF to repair the Briquetting System, the Briquetting System never operated as intended and never yielded briquettes from RSI's scrap metal with an acceptable moisture content below three percent.

23. RSI has provided notice to Defendant RUF of its repeated failure to meet the above described warranties.

24. As a result of the breaches of warranty by Defendant RUF and Does 1 through 100, as set forth above, RSI has suffered damages in an amount to be shown according to proof at trial, but not limited to, repair and replacement of defective products, loss of income, and other incidental and consequential damages.

WHEREFORE, RSI prays for judgment against Defendant RUF and DOES 1 through 100 as set forth below.

///

**THIRD CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

(Against Defendant RUF and DOES 1 through 100)

25. RSI hereby realleges and incorporates by reference paragraphs 1 through 24 above as if fully set forth herein.

26. Before entering into the Contracts, Defendant RUF represented to RSI that the Briquetting System would yield briquettes from RSI's scrap metal with a residual moisture content of between two and three percent, which, according to Defendant RUF, would have a positive impact on RSI's overall profitability resulting from its use of the Briquetting System. The representations made by Defendant RUF as aforesaid were not true, and Defendant RUF had no reasonable grounds for believing the representations were true when it made them.

27. Relying upon Defendant RUF's representations, RSI entered into the Contracts and made payments to Defendant RUF totaling $150,000 upon presentation of invoices by Defendant RUF, despite the fact that acceptable residual moisture content levels in the briquettes yielded by the Briquetting System not having been achieved. In fact, acceptable residual moisture content levels were never achieved by the Briquetting System.

28. As a result of the misrepresentations by Defendant RUF and Does 1 through 100, as set forth above, RSI has sustained and will continue to sustain damages in an amount to be proven at trial.

WHEREFORE, RSI prays for judgment against Defendant RUF and DOES 1 through 100 as set forth below.

**FOURTH CAUSE OF ACTION**

**FRAUD**

(Against Defendant RUF and DOES 1 through 100)

29. RSI hereby realleges and incorporates by reference paragraphs 1 through 28 above as if fully set forth herein.

30. Defendant RUF, in doing the acts alleged herein and as stated above, acted with the intent to deceive or defraud Plaintiff.

31. Before entering into the Contracts, Defendant RUF materially represented to RSI that the Briquetting System would yield briquettes from RSI's scrap metal with a residual moisture content of between two and three percent, which, according to Defendant RUF, would have a positive impact on RSI's overall profitability resulting from its use of the Briquetting System. RSI reasonably relied on the representations made by Defendant RUF to its detriment, as Defendant RUF's representations set forth above were not true, and Defendant RUF knew that the representations were untrue when it made them and knew that RSI would rely on such representations to its detriment in making the decision to purchase the Briquetting System.

32. As a direct and proximate result of the fraudulent conduct of Defendant RUF and Does 1-100, RSI has suffered substantial, actual and consequential damages in an amount in excess of $150,000 and according to proof.

33. Defendant RUF and Does 1-100, and each of them, acted with malice, oppression and/or fraud as defined by the California Civil Code in the State of California. The wrongful acts herein alleged constitute despicable conduct subjecting RSI to a cruel and unjust hardship, and have been undertaken knowingly, maliciously, fraudulently, oppressively, with intent to injure RSI, and in conscious disregard of RSI's rights, thereby entitling RSI to recover an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant RUF and DOES 1 through 100 as hereinafter set forth.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION (CAL. B&P §17200 *et seq.*)

(Against Defendant RUF and DOES 1 through 100)

34. RSI hereby realleges and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. RSI is informed and believes, and thereon alleges, that Defendant RUF does substantial business in California.

36. The above described acts of Defendant RUF and Does 1-100 are acts of unfair competition, in violation of regular business practices and constitute unfair, deceptive, untrue or

misleading advertising within the meaning of Business and Professions Code §17200 et. seq. RSI is informed and believes, and thereon alleges, that the above described conduct was wrongful constituting unfair business acts or practices and done for the purpose of unfairly competing and for the purpose of injuring RSI.

37. Therefore, as a direct and proximate result of the conduct of Defendant RUF and Does 1-100, as set forth above, Plaintiff is entitled to relief, including full restitution and according to proof as allowed by Business and Professions Code §17200 et. seq.

WHEREFORE, Plaintiff prays for judgment against Defendant RUF and DOES 1 through 100 as hereinafter set forth.

**PRAYER**

WHEREFORE, RSI prays for judgement against Defendant RUF and DOES 1 through 100 as follows:

a. Compensatory damages according to proof;
b. Monetary damages due to loss of income and loss of business;
c. Consequential damages according to proof;
d. For punitive and exemplary damages determined by the trier of fact;
e. For restitution to RSI of all sums unlawfully collected by Defendant RUF and DOES 1 through 100 from RSI according to proof, but in any event, in an amount no less than $150,000
f. For interest and pre-judgment interest at the maximum legal rate;
g. Costs of suit;
h. For such other and further relief as this Court deems just and proper.

///

**DEMAND FOR JURY TRIAL**

RSI hereby demands a jury trial on all the issues in this case.

Dated: May 10, 2018

SILICON VALLEY LAW GROUP

By: /s/ William L. Bretschneider
EDWARD A. KRAUS
WILLIAM L. BRETSCHNEIDER
Attorneys for Plaintiff,
Recycling Specialists, Inc.

EXHIBIT A



# Sales Contract

| | | | |
|---|---|---|---|
| Quote To Name | Recycling Specailists | Created Date | 4/3/2017 |
| Bill To | 1720 Old Bayshore Hiway<br>San Jose, CA 95112 | Ship To Name | Recycling Specielists Inc. |
| Contact Name | Howard Misle | | |
| Phone | (702) 277-2640 | Email | hmisle@aol.com |

## Design Specifications

| | | | |
|---|---|---|---|
| Material Type | Aluminum | Required Capacity | Up to 3,300 pounds per hour |
| Material Size | Broken chips | Coolant Type | Water soluble |
| Bulk Density | Less than 20 pounds/cu. ft. | Test Report # | None |

## Standard RUF 55/1700/150x120 Machine Specifications

Input voltage: 480 Volt, 3 phase, 60 Hz
Control voltage: 24 Volt DC
Control system: Siemens PLC model S7-1200 (CPU1214C) with Touch Panel Siemens TP700
Hydraulic power unit motor: 75 HP
Dual axial piston pumps
Main press cylinder: 14" diameter, 350 tonnes,
Specific pressure: 24,000 Psi
Hopper opening: 23 5/8" x 39 3/8"
Machine production: up to 480 briquettes/hour
Briquette size: 6" x 5"
Foot print: 130" x 96" x 87"
Weight: 13,200 pounds
Paint color: Machine RAL 7022, Electrical Panel 7035
Warranty: 24 months, not to exceed 27 months from date of delivery. Wear part such as mold, mold guides, main piston, cylinder seals, ect. are not covered by warranty.

| Line Item Description | Quantity | Sales Price | Total Price |
|---|---|---|---|
| RUF 55/1700/150x120 Briquetter - Machine Number 2461 | 1.00 | $315,000.00 | $315,000.00 |

## Delivery & Terms

| | | | |
|---|---|---|---|
| Delivery | In Stock | Inco Terms | Ex Works RUF, Elyria, OH |
| Payment Terms | $100,000 due upon placement of order, balance $215,000 due upon completion of start-up assistance, not to exceed 30 days from date of shipment. | | |



# Sales Contract

Notes

| | |
|---|---|
| Optional Equipment Included | The control cabinet will have a multi-color signal light with horn mounted to the top. The briquetter feed hopper with have large opening (23.5" x 39") and side wall extensions. A Brinkmann electrical emulsion pump and filling nozzle with overfill sensor will be provided for recovered coolant. A spray unit will be provided to prevent cold welding. All removeable safety covers will have Pilz safety switches. |
| Additional Information | This quotation is for our stock machine #2461 |

All Removable Safety covers require a tool to remove. Some companies require the addition of safety switches on all removable covers. Unless specified above in the Option Equipment Included section safety switches are not included. Safety switches are available upon request.

Two (2) days of briquetter start-up assistance and operational/maintenance training by a factory trained service technician is included. Mechanical and electrical installation of the briquetter and all related equipment is by others.

If a briquetter test number is not referenced in the design specifications, the selection of the briquettor is based upon our experience with similar material. True machine capacity and the briquettability of the material can only be determined by running a briquetter test. Without a successful briquetter test, the customer assumes full responsibility for briquette results and machine capacity. Briquetter test are free and available upon request.

If you have any further questions, please do not hesitate to contact us. We will be glad to answer your questions and provide further information at any time.

Seller:

RUF US Inc.

Bob Kimber
Metal Product Manager
610-806-8701
bob@ruf-briquetter.com

Buyer:

Howard Misle

Recycling Specialists Inc.

EXHIBIT B




# Sales Contract

| | | | |
|---|---|---|---|
| Quote Name | Q170403ABK | Created Date | 4/3/2017 |
| Quote To Name | Recycling Specialists, Inc. | Ship To Name | Recycling Specialists Inc. |
| Bill To | 1720 Old Bayshore Hiway<br>San Jose, CA 95112 | Ship To | 1720 Old Bayshore Highway<br>San Jose, CA 95112 |
| Contact Name | Howard Misle | Email | hmisle@aol.com |
| Phone | (702) 277-2640 | Expiration Date | 4/30/2017 |

## Machine Specifications

Volume: 6.5 cubic meters
Agitator motor: 3/4 Hp
Screw motor: 2 Hp (2)
Includes tramp metal screen and coolant/oil pan.
Warranty: 24 months, not to exceed 27 months from date of shippment

| Line Item Description | Quantity | Sales Price | Total Price |
|---|---|---|---|
| Floor mounted chip hopper with inclined double screw, 8.5 cubic yard capacity hopper. Compete with coolant pan and Brinkmann electrical emulsion pump. | 1.00 | $45,125.00 | $45,125.00 |

## Delivery & Terms

| | | | |
|---|---|---|---|
| Delivery | 14-16 weeks | Inco Terms | DDP Customer site |
| Payment Terms | 30% with placement of order, 60% upon notification of readiness to ship, and 10% after start up, not to exceed 30 days after delivery | | |

## Notes

| | |
|---|---|
| Optional Equipment Included | The hopper will have coolant pan and Brinkmann electrical emulsion pump. |

Seller: RUF US, Inc.
Date: 4/3/17

Buyer:
Date:

Bob Kimber
Metal Product Manager
610-806-6701
bob@ruf-briquetter.com

Recycling Specialists Inc.

Recycling Specialists Inc.